**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  4:95-cr-33 |
| | ) | |
| vs. | ) | |
| | ) | |
| Cecil L. Wallis, | ) | **ORDER DENYING MOTION** |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is a pro se motion by the defendant.  The motion is untitled and provides no legal authority upon which it is based other than general references to the Fourth Amendment.  The defendant complains that prison officials are demanding he submit a DNA sample.  He argues that the judgement in his case does not require him to do so and that any such requirement violates his Fourth Amendment rights.  He asks that the Bureau of Prisons be enjoined from collecting a DNA sample form him for inclusion in the Combined DNA Index System (CODIS).

Wallis pled guilty, pursuant to a written plea agreement, to one count of possession of firearms by a person who has three or more previous felony convictions on January 29, 1996.  He was sentenced to 180 months imprisonment on May 31, 1996.  Wallis appealed.  On November 15, 1996, the Eighth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Wallis, 100 F.3d 960 (8th Cir. 1996).  A motion pursuant to 28 U.S.C. § 2255 was filed by Wallis on September 19, 1997.  The Court denied the motion on November 24, 1997.  Wallis appealed.  The Eighth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction.  Another section 2255 motion was filed January 24, 2006.  This Court dismissed that motion as being successive on February 3, 2006.  Yet another section 2255 motion was dismissed on March 22, 2006.  Wallis is currently scheduled to be released from prison on July 7, 2007.

Wallis does not identify what rule of criminal or civil procedure his motion is filed under. Nor does he identify any statutory basis for the Court to hear his motion which he has filed in a long closed criminal case.  As Wallis does not attack his sentence the Court will not treat the motion as a § 2255 petition.  Wallis claims a constitutional violation and seeks injunctive relief. Given the nature of the alleged wrong and the relief sought the current motion is more in the nature of § 1983 action which should be filed as a separate civil action.  Nevertheless, since the matter is easily resolved and in order to conserve resources the Court will address the motion.

The DNA Analysis Backlog Elimination Act of 2000 (DNA Act) requires the collection of DNA samples from all persons who have been convicted of a felony and who are in custody or on probation, parole or release. 42 U.S.C. §§ 14135a(a).  Wallis has been convicted of a qualifying felony.  The Eighth Circuit Court of Appeals recently upheld the constitutionality of the DNA Act. United States v. Kraklio, 451 F.3d 922 (8th Cir. 2006)(finding the DNA Act does not violate the Fourth Amendment).  In so holding the Eighth Circuit a applied a totality of the circumstances test and cited diminished privacy rights and the minimal intrusion involved along with the legitimate governmental interest in using DNA to solve crimes. Id. at 924-25.  The Eighth Circuit noted in Kraklio that the Third, Fifth, Ninth, and Tenth Circuits have also held the DNA Act constitutional under the Fourth Amendment and the Second, Fourth, Seventh, and Eleventh circuits have held similar state DNA indexing statutes constitutional under the Fourth Amendment. Id. at 924.

Accordingly, Wallis's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

2